[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a limited contested dissolution of marriage matter. The parties were married on October 10, 1987 and have been separated since September 6, 1991. The wife moved out of the marital home at that time. There are no minor children issue of the marriage. The wife is 34 years old, the husband is 39 years old. The court finds that the parties are in good health. The wife, when she left the premises, removed very little of the furniture and furnishings.
The wife is employed at Marsh and McLennan as a vice president. She has a masters degree. The husband is employed by CT Page 9715 Tambrands Inc as the manager of employee benefits and Human Resources. He has an M.B.A. The husband's gross income as shown on his financial affidavit of September 17, is $5,833.34 per month for gross income. That equates to $70,000 per year.
The wife on her financial affidavit shows gross monthly income of $5,780 per month. That equates to $69,360 per year.
The court finds that both of the parties are able to provide for their own support and awards neither one of the parties periodic alimony.
In 1983 before the marriage, the husband purchased real property located at 113 Alpine Street, Stamford, Connecticut. In May of 1987 prior to the marriage but in contemplation of the marriage, the parties refinanced the first mortgage on the home to the sum of $137,500. The net proceeds of the refinance totaled $49,000. Certain expenses were paid and the parties put approximately $20,000 into savings.
The court finds that the present fair market value of the house at 113 Alpine Street is $220,000. There is a first mortgage of $132,000 and a home equity credit line of $4,827 for a net equity of $83,173.00.
It is clear that both of the parties spent substantial time improving the house, either through their own labor or by assisting in the refinancing which paid for some expenditures for the house.
During the course of the marriage the husband was unemployed for approximately one year. During that period of time, he received severance payments equal to approximately one year's pay of about $54,000.00. The parties put in the bank his severance pay and relied on the earnings of the wife and the unemployment compensation of the husband to meet their expenses during that period.
During the course of the marriage the parties involved themselves in complicated financial transactions and complicated financial arrangements. The parties invite this court to unravel all of their finances. This court declines that invitation.
The husband denies that he agreed to put the real estate at 113 Alpine Street in joint names. Exhibit 1 an Open End Mortgage
CT Page 9716 3. The husband shall turn over to the wife the Marsh and McLennan Stock consisting of 213 shares presently in his possession, forthwith.
4. The court finds that it was the intention of the parties that the property known as 113 Alpine Street be jointly owned. Accordingly, the husband is to pay to the wife one-half of the net equity in the sum of $41,586.50 within thirty days of the date of this decree. Upon receipt of that amount the wife shall give the husband a quit claim deed to her interest in the house.
The husband if he chooses, may elect not to pay the wife the one-half equity of $41,586.00 but rather may place the property for sale within thirty days of this decision and pay her one-half of the net equity of the property after the two mortgages and reasonable costs of sale are deducted from the gross sales price. Said costs include but are not limited to those reasonable costs incurred in the sale which are real estate broker's fees, attorney's fees, real estate conveyance tax and adjustments. The net proceeds after paying off both of the existing loans and the costs of sale shall be divided equally between the parties.
5. The Ford Bronco shall be the property of the husband.
6. All other assets including bank accounts, stocks and pensions in the sole name of either party shall be that parties property free and clear of any claim by the other.
7. Each party shall be solely responsible for his or her own debts including counsel fees as shown on the financial affidavits of the parties, except the loans on the real estate shall be the responsibility of the husband if he keeps the house. Each of the parties shall indemnify and hold the other harmless from their own indebtedness.
8. All of the personal property shown on Schedule A attached hereto in possession of the wife shall be her property. All of the personal property in the possession of the husband shall be the husband's property. All other personal property that is in dispute that has not been resolved as shown on Schedule A shall become the property of the husband. The jointly held shares of Kushner Locke and Wasatch shall be divided equally between the parties.
9. That as except as provided herein, each party shall retain the assets shown on his or her financial affidavit free and clear CT Page 9717 of claim of the other.
10. That each party shall pay their own respective counsel fees.
11. Any claims for relief not expressly addressed herein are denied.
KARAZIN, J.
SCHEDULE A.
1. Guitar 2. NEC Computer Printer 3. Meat Slicer 4. 8 Silver Goblets 5. Hammock Stand 6. China "Amherst" (6 settings plus 1/2 the serving pieces) 7. "Preclude" Crystal (6 of each: brandy snifter, white wine glass, red wine glass, water glass and liquor glass) 8. Stereo Turntable 9. 12 Sterling Silver Place Settings 10. Three 5x7 Pictures of Exuma, Bahamas 11. Waterford Crystal Lamp 12. Burburry Type Rug (cream with pink and teal) 13. Lawn Furniture (4 chairs, 1 umbrella) 14. Blue Sapphire Ring 15. All Roof Racks (ski bicycle which fit Bronco) 16. Gump's China Lazy Susan 17. Large Plastic Salad Bowl 18. Plastic Clear Serving Tray 19. 2 Beach Towels (teal blue pastel) 20. Blue Dried Flower Wreath 21. Window Draperies (Laura Ashley "Amarretto" "Bembridge") 22. 1 White "Doorstore" Desk w/Corresponding File Cabinet Book Shelf 23. Christmas Ornaments 24. 2 Yellow Bath Sheets